# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WALTER HARRIS NIBBLINS, JR.,<br><br>                           *Defendant.* | CASE NO. 3:14-cr-00031<br><br><u>MEMORANDUM OPINION & ORDER</u><br><br>JUDGE NORMAN K. MOON |

      Walter Harris Nibblins has moved for a reduction in his sentence based on his underlying medical conditions and the risks of contracting COVID-19, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 55. The Federal Public Defender filed a Notice of No Supplemental Filing. Dkt. 62. The Government opposes the Motion. Dkt. 63. For following reasons, Defendant's Motion will be denied.

## Background

      On March 26, 2015, Nibblins pleaded guilty to conspiracy to distribute and to possess with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Dkt. 32. On December 11, 2015, he was sentenced to 180 months of imprisonment to be followed by a five-year term of supervised release. Dkt. 48. Nibblins is incarcerated at Loretto FCI in Cresson, Pennsylvania and projected to be released on July 31, 2027. *See* Dkt. 55 at 1; Dkt. 63 at 3.

## Statutory Framework

A court generally may not modify a term of imprisonment once the court has imposed sentence. 18 U.S.C. § 3582(c); *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (noting "the default position stated in 18 U.S.C. § 3582(c) is that a sentencing court 'may not modify a term of imprisonment once it has been imposed'"). However, a statutory exception allows the court, on a defendant's motion, to reduce the term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction," after the defendant has asked the Bureau of Prisons and fully exhausted administrative appeals following denial of the request. 18 U.S.C. § 3582(c)(1)(A)(i).[1]

A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted. *United States v. Owens*, No. 7:08-cr-31, 2021 WL 4975273, at *2 (W.D. Va. Oct. 26, 2021). If a defendant has shown that extraordinary and compelling reasons support a sentence reduction, the Court must consider the applicable factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A). A district court has "broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021).

## Discussion

Nibblins argues that COVID-19 and his underlying medical conditions provide extraordinary and compelling reasons to reduce his sentence. Dkt. 55-2. The Fourth Circuit has held that "district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)

---

[1] Nibblins sought relief from the warden, and his request was denied on May 4, 2022. Dkt. 55-1. Thus, Nibblins has exhausted his administrative remedies.

(internal quotation marks and citation omitted). "[I]n the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release [under § 3582(c)(1)(A)] when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Colleton*, No. 21-6015, 21-6021, 2022 WL 18500, at *1 (4th Cir. Jan. 3, 2022) (unpublished, per curiam) (citation omitted).

Nibblins first claims he is at a higher risk of contracting severe COVID-19 due to his obesity,[2] his long-term COVID-19 symptoms, his alleged diabetes, and his high liver numbers. Dkt. 55-2 at 1. However, Nibblins' medical records indicate that he does not have a diagnosis of diabetes. Dkt. 67 at 55. Instead, his records show that his Hemoglobin level reflects an increased risk of diabetes. *Id.* And while Nibblins asserts that he has high liver numbers, he fails to articulate how that makes him more vulnerable to COVID-19. *See* Dkt. 55-2 at 1. According to the Center for Disease Control and Prevention ("CDC"), neither an increased risk of diabetes nor high liver numbers place Nibblins at higher risk for severe COVID-19.[3]

In contrast, Defendant's obesity does place him at a higher risk of severe COVID-19.[4] Additionally, in August 2020, Nibblins contracted COVID-19 and developed severe bronchitis. Dkt. 55-2 at 1. He claims he is still having respiratory issues and that it is hard for him "to walk up and down [the] stairs without having a rapid heart beat [sic]." *Id.* However, Defendant has

---

[2] Nibblins' Body Mass Index calculation places him in the obese category. *See* Dkt. 67 at 65; *Adult BMI Calculator*, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited Jan. 30, 2023).

[3] *See Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19*, CTRS. FOR DISEASE CONTROL AND PREVENTION, *https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html* (last visited Jan. 30, 2023).

[4] *See id.*

received two doses of the Pfizer-BioNTech COVID-19 vaccine and one does of the Moderna COVID-19 vaccine, which dramatically reduces the risks that COVID-19 poses to him.[5] *See* Dkt. 67-1. Because Defendant is now fully vaccinated, the Court finds that any increased risks posed by COVID-19 due to his obesity or long-term COVID-19 symptoms do not constitute extraordinary and compelling circumstances. *See United States v. Mendoza*, No. 06-cr-167, 2021 WL 1312920, at *8 (W.D. Pa. Apr. 8, 2021) ("While there are certainly still unknowns about the vaccine administered to [the defendant], it appears that [the defendant's] risks of (1) being reinfected by COVID-19, and (2) suffering severe illness if he is reinfected, are speculative because of his vaccination.").

Next, Nibblins claims that he is at greater risk of severe COVID-19 due to his age of 47. Dkt. 55-2 at 1. According to the CDC, the risk of severe illness from COVID-19 increases for individuals in their 50s.[6] Individuals that are 85 years old or older are at the highest risk of severe COVID-19.[7] Defendant, at age 47, does not have an increased risk of severe COVID-19 due to his age.

Lastly, Nibblins asserts that he is at a higher-risk of catching COVID-19 at Loretto FCI due to the "staff not following proper mask mandates." *Id.* at 2. However, Defendant does not offer any evidence to support this claim, nor does he explain how this places him at a *particularized* risk of contracting COVID-19.

---

[5] *See COVID-19 Vaccines Work*, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Jan. 30, 2023).

[6] *See COVID-19 Risks and Vaccine Information for Older Adults*, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/aging/covid19/covid19-older-adults.html (last visited Jan. 30, 2023).

[7] *Id.*

4

Accordingly, the Court finds that Nibblins has not demonstrated "extraordinary and compelling reasons" to warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).

## Conclusion

For the reasons, the Court **DENIES** Defendant's Motion for Compassion Release. Dkt. 55.

It is so **ORDERED**.

The Clerk of Court is directed to send a copy of this Memorandum Opinion and Order to Defendant and all counsel of record.

Entered this  6th  day of February, 2023.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE